UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES REDMOND, II,

        Petitioner,

                              CASE NO. 2:20-CV-12036

v.                                 HONORABLE PAUL D. BORMAN

CHRISTOPHER SWANSON,

        Respondent.

_____/

**OPINION AND ORDER (1) DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Charles Redmond, II ("Petitioner"), a pre-trial detainee confined at the Genesee County Jail, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his pending state criminal proceedings in which he is charged with multiple felonies, including human trafficking, kidnapping, and weapons offenses. *See People v. Charles Redmond, II*, Genesee Co. Cir. Ct. No. 18-043096-FC, http://www.co.genesee.mi.us/roaccsinq/ROACase.aspx?CASE=18043096&CASETYP=FC&FILENAME=C092505456 (accessed Sept. 25, 2020). In his pleadings, which are somewhat difficult to follow, Petitioner seems to challenge

the state court's authority, jurisdiction, and procedures, as well as his continued confinement in state custody. He raises the following claims: (1) he is being held and charged with capital offenses under the creation of an unconstitutional bill of attainder; (2) he was denied his due process right to full disclosure in order to fully participate in the fraudulent representations of state judicial procedures; and, (3) he was denied the opportunity to present a constitutional diversity claim in circuit court and the court refused to acknowledge his jural instruments of constitutional deprived rights. (ECF No. 1, Petition.) For the reasons set forth herein, Court dismisses without prejudice the petition for a writ of habeas corpus, denies a certificate of appealability, and denies leave to proceed in forma pauperis on appeal.

## II.   Discussion

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminarily review of a federal habeas case and to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." If, after initial consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See* Rule 4, Rules Governing § 2254 Cases; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). Cases subject to dismissal under Rule 4 include

those that raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

A state pretrial detainee may bring a habeas action in federal court pursuant to 28 U.S.C. § 2241 to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial or to raise double jeopardy issues, but may not generally seek habeas relief to forestall state prosecution altogether. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489-91 (1973); *Christian v. Wellington*, 739 F.3d 294, 298 (6th Cir. 2014). In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that, absent extraordinary circumstances, a federal court may not enjoin pending state criminal prosecutions. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted).

Thus, while 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner.

*Christian*, 739 F.3d at 298; *Atkins v. People of the State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981). A federal court must abstain from enjoining a state criminal proceeding if: (1) the state proceeding is ongoing; (2) an important state interest is implicated; and, (3) the petitioner has an adequate opportunity in the state judicial proceeding to raise constitutional challenges. *Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support *Younger* abstention are present in this case. First, as acknowledged by Petitioner, there is an ongoing state criminal prosecution pending in the Genesee County Circuit Court. In that proceeding, the court has arraigned Petitioner, conducted multiple hearings on various motions, ordered a competency evaluation (awaiting report), and scheduled another hearing for October 14, 2020. Second, state criminal proceedings clearly involve important state interests. *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, the state court proceedings provide an adequate opportunity for Petitioner to raise any constitutional challenges. If he does so, and the state trial court denies or otherwise fails to consider his claims, Petitioner may pursue an appeal and/or seek collateral review in the state courts as provided by Michigan law.

Abstention is thus appropriate unless of one of the three exceptions to the

*Younger* abstention doctrine applies. Those exceptions are: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions are interpreted narrowly. *Zalman*, 802 F.2d at 205.

Additionally, even if extraordinary circumstances exist to warrant federal court intervention in an ongoing state criminal prosecution, a petitioner must exhaust all available state court remedies before seeking federal habeas relief. *See Braden*, 410 U.S. at 490; *Phillips v. Hamilton Cnty. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012); *Atkins*, 644 F.2d at 546.

In this case, Petitioner fails to allege facts which show that any of the exceptions to *Younger* abstention applies and fails to demonstrate that extraordinary circumstances warrant the Court's intervention in his state criminal case. Moreover, Petitioner neither alleges nor establishes that he exhausted available state court remedies before seeking federal habeas relief. This habeas action is therefore premature and must be dismissed.

**III.    Conclusion**

For the reasons stated, the Court concludes that Petitioner's challenge to his ongoing state criminal proceedings and current confinement in state custody is premature and that he is not entitled to federal habeas relief at this time. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b); *see also Winburn v. Nagy*, 956 F.3d 909. 911-912 (6th Cir. 2020) (holding that a state pre-trial detainee must obtain a certificate of appealability to appeal the denial of a § 2241 habeas petition). A certificate of appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*. Petitioner makes no such showing. Reasonable jurists would

not find the Court's procedural ruling debatable. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal. This case is closed.

**IT IS SO ORDERED**.

Dated: September 30, 2020                    s/Paul D. Borman
                                             Paul D. Borman
                                             United States District Judge