UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES REDMOND, II,

        Petitioner,

                              CASE NO. 2:20-CV-12036
v.                             HONORABLE PAUL D. BORMAN

CHRISTOPHER SWANSON,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO AMEND (ECF No. 8)

      Charles Redmond, II ("Petitioner"), a pre-trial detainee confined at the Genesee County Jail, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his pending state criminal proceedings in which he is charged with multiple felonies, including human trafficking, kidnapping, and weapons offenses. *See People v. Charles Redmond, II*, Genesee Co. Cir. Ct. No. 18-043096-FC, http://www.co.genesee.mi.us/roaccsinq/ROACase.aspx?CASE= 18043096&CASETYP =FC&FILENAME=C092505456 (accessed Sept. 25, 2020). (ECF No. 1.) On September 30, 2020, the Court dismissed the petition as premature based upon *Younger* abstention, as well as the failure to exhaust available state court remedies. (ECF No. 5, Opinion and Order; ECF No. 6, Judgment.)

The matter is now before the Court on Petitioner's motion to amend his habeas petition to change the respondent to the State of Michigan. (ECF No. 8.) Petitioner dated his motion on October 1, 2020. (*Id.*) Petitioner, however, cannot amend his habeas petition because it is no longer pending before the Court. While a federal court generally has discretion to allow amendment of a civil complaint, *see* Fed. R. Civ. P. 15(a), such is not the case where, as here, the Court has already dismissed the case. Under Federal Rule of Civil Procedure 15, once a judgment has been entered in a case, the filing of an amendment is not allowed unless the judgment has been set aside or vacated. *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008); *accord Griffey v. Lindsey*, 345 F.3d 1058, 1062 (9th Cir. 2003); *Pitts v. Champion*, 16 F. App'x 975, 977 (10th Cir. 2001); *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir.1994). No such action has occurred in this case. The Court properly dismissed the original petition. (ECF Nos. 5, 6.) Moreover, changing the respondent to the State of Michigan would not affect the outcome of the Court's decision.

Accordingly, the Court **DENIES** Petitioner's motion to amend (ECF No. 8).

This case remains closed. No further pleadings should be filed in this matter.

**IT IS SO ORDERED**.

Dated:  October 20, 2020                         s/Paul D. Borman
                                                 Paul D. Borman
                                                 United States District Judge